UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X       E.D. Bankr. Case
In re:                                    No. 04-81073(SB)

BARBARA NEGOSH,

            Debtor.                       MEMORANDUM & ORDER
                                          06-CV-5617(JS)
---------------------------------X
APPEARANCES:
For Appellant/Debtor:        Barbara Negosh, <u>Pro</u> <u>Se</u>
                             528 Washington Avenue
                             Lindenhurst, New York 11757

For Appellee/Ch. 7 Trustee:  Neil H. Ackerman, Esq.
                             Meltzer, Lippe, & Goldstein, LLP
                             190 Willis Avenue
                             Mineola, New York 11501

SEYBERT, District Judge:

         Pending before the Court is <u>pro</u> <u>se</u> Appellant Barbara

Negosh's ("Debtor" or "Appellant") appeal from an August 25, 2006

Order ("August Order") of United States Bankruptcy Judge Stan

Bernstein approving the sale of 520 Washington Avenue, Lindenhurst,

New York ("Property") and an order denying the Debtor's motion to

convert her bankruptcy proceeding from one under Chapter 7 to one

under Chapter 13.[1]  Chapter 7 Trustee Neil H. Ackerman ("Trustee"

_____

        [1] The Notice of Appeal filed on October 16, 2006 indicates
that the appeal is only with respect to the August Order;
however, in the Appellant's brief she challenges the approval of
the sale of the Property, which was the subject of the August
Order, and the denial of her motion to convert, which, it
appears, was decided during a May 16, 2006 hearing.  Due to the
lack of clarity of when the motion to convert was decided, the
fact that the Trustee responded to both arguments, and
Appellant's <u>pro</u> <u>se</u> status, the Court will address both challenges
in its decision.

1

or "Appellee"), opposed Appellant's appeal and filed a motion seeking sanctions against Appellant pursuant to several sections of the Bankruptcy Code, this Court's inherent powers, and two exceptions to the "American Rule" on attorneys' fees. For the reasons explained below, the Appeal is DENIED, the Trustee's motion for sanctions is GRANTED in part and DENIED in part, and the Bankruptcy Court's decisions are AFFIRMED.

<u>BACKGROUND</u>

Appellant voluntarily filed a Chapter 7 bankruptcy petition on February 24, 2004. (Appellee's Br., Ex. A at 2.) In the Chapter 7 petition, Appellant reported the following:

```
Assets:
      520 Washington Ave., Lindenhurst, NY:   $    300,000.00
      Personal Property:                            84,116.00

Liabilities:
      Secured:                                      149,160.20
      Unsecured:                                     17,982.46

Cash Flow:
      Monthly Income:                                 1,290.00
      Monthly Expenses:                               1,815.00
```

(<u>Id.</u> at 4-7, 9, 12, 14-15.)

<u>Motion To Convert</u>

On November 29, 2004, the Bankruptcy Court discharged Appellant from her debts. (Bankr. Docket No. 26.) Over one year later, on April 5, 2006, Appellant filed a motion to convert her Chapter 7 proceeding to one under Chapter 13. (Appellee's Br., Ex. R.) In the intervening time, although not exactly clear, it

appears that the Debtor and the Trustee had made at least two separate agreements, which were never consummated, pursuant to which the Debtor was going to purchase the Property. The details are disputed by the parties; however, based on a reading of transcripts from hearings held before Bankruptcy Judge Bernstein in June and July of 2006, the Bankruptcy Court and the Trustee made great efforts to give the Debtor ample opportunity to purchase the Property rather than sell it to a third party. (Mot. to Convert Hr'g Tr. 10-18, June 27, 2006; Mot. to Convert Hr'g Tr. 29, July 6, 2006.) The Debtor, however, was unable to secure the funds to purchase the Property in a timely manner. (Mot. to Convert Hr'g Tr. 7, July 27, 2006.)

In the Chapter 13 petition, Appellant reported the following:

```
Assets:
     520 Washington Ave., Lindenhurst, NY:   $     375,000.00
     Personal Property:                            177,000.00

Liabilities:
     Secured:                                      141,469.96
     Unsecured:                                      10,000.00

Cash Flow:
     Monthly Income:                                     0.00
     Monthly Expenses:                                   0.00
```

(Appellee's Br., Ex. R at 7-10, 12, 15-16, 19-20.) Appellant's Chapter 13 reorganization plan provided for one lump-sum payment in the amount of $25,000.00, 34 monthly payments in the amount of $400.00, and a final lump-sum payment of $27,492.32. (Id. at 4.)

Appellant's conversion motion did not indicate, however, from where the funds necessary to maintain the Chapter 13 reorganization plan would be taken. (See generally id.) At a hearing on May 16, 2006, Bankruptcy Judge Bernstein orally ruled that, based on a review of the papers, the Debtor's motion to convert was denied. (Mot. to Convert Hr'g, May 16, 2006.). Subsequently, however, the Debtor was permitted to file a reply brief and the Trustee was permitted to file a sur-reply. It appears from the record that, although there was never a second formal decision rendered, Appellant's conversion motion was "marked off" the bankruptcy docket on July 27, 2006. (Bankr. Docket Entry dated July 27, 2006.)[2]

Sale Of The Property

On June 6, 2006, Appellee filed a motion with the Bankruptcy Court requesting an order approving the sale of the Property to Giannini Construction Corporation ("Giannini Corp."). (Appellee's Br., Ex. DD at 2.) After several hearings, the motion was granted on July 27, 2006 over Appellant's objections. (See August Order.)

The Debtor made several attempts to prevent the sale of the Property, all of which were denied. First, Appellant filed a motion to stay the sale of the Property with this Court via an

---

[2] Interestingly, although the June and July 2006 hearings are docketed as pertaining to the motion to convert, the motion to convert was not discussed at these hearings; rather, the hearings focused on the motion to authorize the sale of the Property.

order to show cause on September 5, 2006, which was denied. (See
Negosh v. Ackerman, No. 06-CV-4808.) On October 17, 2006,
Appellant filed a notice of appeal from the August Order. On
January 16, 2007, Appellant filed another motion seeking a
temporary restraining order preventing the sale of the Property.
This motion was also denied. Appellant next filed a motion with
this Court requesting an injunction preventing Mitch Giannini from
reselling the Property. This motion was denied on
January 31, 2007.

DISCUSSION

I.  Sale Of The Property

        Appellant first contends that the Bankruptcy Court erred
when approving the sale of the Property. (See Appellant's Br.)
The Court DENIES this claim as moot.

    A.  Legal Standard

        The Second Circuit has long held that "regardless of the
merit of an appellant's challenge to a sale order, [the appellate
court] may neither reverse nor modify the judicially-authorized
sale if the entity that purchased . . . the property did so in good
faith and if no stay was granted." In re Gucci, 105 F.3d 837, 840
(2d Cir. 1997); see also United States v. Salerno, 932 F.2d 117,
123 (2d Cir. 1991) (citing In re Stadium Mgmt. Corp., 895 F.2d 845,
848 (1st Cir. 1990) (holding that an appeal of a sale of bankrupt
assets is moot once the sale is completed); In re Baker, 339 B.R.

5

298, 303 (Bankr. E.D.N.Y. 2005) ("Courts have uniformly held that if a debtor fails to obtain a stay of a sale of properties, appeal of an order authorizing the sale is rendered moot and must be dismissed once the sale to good faith purchasers has taken place and has been approved"). This holding is not limited to debtors that failed to request stays; it also extends to those who made timely requests for stays, but were denied, where the sale has been consummated. <u>In re Gucci</u>, 105 F.3d at 840 ("even where an appellant timely moves to stay a judicially-authorized sale, a district court's denial of that motion will similarly limit the issues on appeal"). Thus, if a debtor was unable to secure a stay, the order authorizing the sale cannot be reversed absent a showing of bad faith by the third-party purchaser.

B.  <u>Analysis</u>

The Bankruptcy Court approved the sale of the Property to Giannini Corp. on August 25, 2006. (Appellee's Br., Ex. X.) As set forth above, Appellant unsuccessfully motioned this Court for stays of the sale of the Property on September 5, 2006, January 16, 2007, and January 22, 2007. This Court denied Appellant's requests due to her failure to show a likelihood of success on the merits. Given Appellant's failure to secure a stay of the Property's sale, Appellant must establish that Giannini Corp. purchased the Property in bad faith.

Appellant claims that Mitch Giannini, the President of

Giannini Corp., was "convicted of bad faith by the Attorney General for paper fraud." (Appellant's Br. 8.) Appellant cites to several pages of a United States Department of Justice administrative ruling against Giannini Landscaping, Inc. <u>United States v. Giannini Landscaping, Inc.</u>, 1993 WL 566130 (O.C.A.H.O. Nov. 9, 1993). The ruling indicates that an individual named Mitchell Giannini was the president, sole officer, and stockholder of Giannini Landscaping, Inc. when the company was assessed a $26,500.00 penalty for failure to complete statutorily required employment immigration forms. <u>Id.</u> 1993 WL 566130, at *3, 8.

Appellant fails to establish any real link between Giannini Landscaping, Inc. and Giannini Corp., the third-party buyer, other than implying that the president of Giannini Landscaping, Inc. was also the president of Giannini Corp. Furthermore, Appellant fails to show what, if any, connection this administrative ruling against Giannini Landscaping, Inc. has to Giannini Corp., the August Order presently in dispute, or the purchase of the Property. A fifteen-year old administrative ruling against a company that may have had the same president as the third-party purchaser of the Property is insufficient to show that the third party purchaser acted in bad faith when buying the Property. Absent such a showing, this Court can neither reverse nor modify the sale. <u>See</u> <u>In re Gucci</u>, 105 F.3d at 840.

Given Appellant's inability to secure a stay and her

failure to show that Giannini Corp. acted in bad faith when purchasing the Property, Appellant's appeal of the August Order approving the sale of the Property is rendered moot and, therefore, DENIED.

II. <u>Motion To Convert</u>

Appellant next claims that the Bankruptcy Court erred when it refused to convert Appellant's Chapter 7 Petition to one under Chapter 13. The Court, reviewing the motion to convert <u>de novo</u>, AFFIRMS the Bankruptcy Court's decision.

A. <u>Legal Standard</u>

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bank. P. 8013. A bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." <u>Id.</u>; <u>see also</u> <u>In re Momentum Mfg. Co.</u>, 25 F.3d 1132, 1136 (2d Cir. 1994); <u>In re PCH Assoc.</u>, 949 F.2d 585, 597 (2d Cir. 1991). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . Factual findings must be upheld if plausible in light of the record viewed in its entirety." <u>Robbins Int'l, Inc. v. Robbins MBW Corp. (In re Robbins Int'l, Inc.)</u>, 275 B.R. 456, 464-65 (S.D.N.Y. 2002)

(internal quotations marks and citation omitted).  A bankruptcy court's legal conclusions are reviewed de novo.  See In re Momentum Mfg. Co., 25 F.3d at 1136.

    B.   Analysis

As noted, during the May 16, 2006 hearing, the Bankruptcy Court ruled that, based on a review of the papers, the Debtor's motion to convert was denied.  Although the parties were permitted to file additional briefs following the May 16, 2006 ruling, the Court did not render a subsequent decision.  Rather, the motion to convert was "marked off" the calendar on July 27, 2006 without comment.  Since the Bankruptcy Court's rationale in reaching the legal conclusion that Appellant's motion to convert from a Chapter 7 case to one under Chapter 13 be denied is unclear from the record, this Court will review Appellant's motion to convert de novo.

Under 11 U.S.C. § 706(a), a "debtor may convert a case under [Chapter 7] to a case under Chapter 11, 12, or 13 . . . at any time . . . ."  This right to convert, however, is not absolute.  See Marrama v. Citizens Bank of Mass., -- U.S. --, 127 S. Ct. 1105, 1109, -- L. Ed. 2d -- (2007) (holding that a debtor's ability to convert from a Chapter 7 case to one under Chapter 13 "may be forfeited"); see also In re Euro-Am. Lodging Corp., No. 06-11325, 2007 WL 973942, at *2 (Bankr. S.D.N.Y. Apr. 3, 2007) ("In Marrama, . . . the Supreme Court concluded that the right to convert was not

absolute.").

Prior to granting a motion to convert, the court must first determine whether the movant is a "debtor" under Chapter 13. See 11 U.S.C. § 706(d) ("Notwithstanding any other provision of this section [706], a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter"). A Chapter 13 debtor is, inter alia, "an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated secured debts of less than $922,975.00 . . . ." 11 U.S.C. § 109(e). The individual also must not have acted in bad faith throughout the bankruptcy process. See Marrama, 127 S. Ct. at 1111 (holding that a court has adequate authority to deny a motion to convert made by a debtor who showed pre-petition bad faith conduct because a finding of bad faith is "tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13"). Thus, a "debtor" under Chapter 13 is an individual who, among other things, meets the regular income and debt requirements and did not act in bad faith throughout the bankruptcy process.

An "individual with regular income" is one "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 . . . ." 11 U.S.C. § 101(30). The Bankruptcy Code does not require that the income come

from a certain source; rather, the income need only be regular and stable enough to ensure the debtor is able to make Chapter 13 payments. See In re Wilhelm, 6 B.R. 905, 908 (Bankr. E.D.N.Y. 1980). Thus, review of a motion to convert requires a determination as to the debtor's abilities to make all the payments called for by the Chapter 13 plan. See id. This determination must have "some factual basis." Id. The burden of establishing to the court regularity and stability of income is on the debtor. See In re Antoine, 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997). "[W]here a debtor fails to produce evidence of the existence of a regular income, [s]he does not qualify for Chapter 13 relief." Wilhelm, 6 B.R. at 908.

The motion to convert as well as the voluntary petition that Appellant attached to her motion indicate the following:

```
Debts:
    Total Secured Debts:        $141,469.96
    Total Unsecured Debts:        10,000.00

Income:
    Total Monthly Income:            -0-

Appellant's Chapter 13 payment plan was as follows:
    Initial lump sum payment:    $25,000.00
    34 monthly payments of:          400.00
    Final lump sum payment:      $27,492.32
```

(Appellee's Br., Ex. R at 4, 12, 15-6, 19-20.)

As argued by the Trustee during the May 16, 2006 hearing, Appellant's motion to convert does not indicate if she is employed, where she is employed, her monthly income, other expenses, or

amounts she would pay her creditors to offset her debts. While Appellant's petition shows that at the time she filed her motion her year-to-date employment earnings were $9,000.00, she did not indicate who that employer was and whether such payments would continue.

Indeed, Appellant did note that she has sufficient cash available to make the initial $25,000.00 payment. She failed, however, to include the name of her employer, amount of her monthly income, pay stubs, letters of employment, etc. The lack of evidence and support prevents this Court from holding that Appellant has "regular income" and would be able to make the monthly payments proposed by her Chapter 13 plan.

Appellant's only evidence that her income will be regular and stable is found in an affidavit she submitted to the Bankruptcy Court that supported her motion to convert: "I have both sufficient income to meet both my inside and outside plan obligations. I also have approximately $25,000.00 in savings with which to make the initial lump sum payment due under my proposed plan." (Appellee's Br., Ex. AA ¶ 28.) No where does the Debtor indicate from where this "sufficient income" is coming nor does she include documentation verifying this "sufficient income." Appellant requests this Court to grant her motion to convert on words alone. These words, without more, are insufficient. The "factual basis is totally lacking here," as Appellant has presented "[n]o evidence of

any value . . . regarding [her] current income from any source."
<u>Wilhelm</u>, 6 B.R. at 909. Accordingly, Appellant's testimony alone
"is entitled to no credence." <u>Id.</u>

Simply put, Appellant did not meet the burden of
establishing regularity and stability of income, <u>see</u>, <u>Antoine</u>, 208
B.R. at 19, because she "failed to produce evidence of the
existence of a regular income." <u>Wilhelm</u>, 6 B.R. at 908.
Therefore, Appellant does not constitute a "debtor" under Chapter
13. Accordingly, Appellant's motion to convert was correctly
DENIED, and the Bankruptcy Court's decision is AFFIRMED.

III.   <u>Motion For Sanctions</u>

Appellee makes a motion requesting sanctions against
Appellant pursuant to Federal Rules of Bankruptcy Procedure 8020
and 9011, this Court's inherent powers, 11 U.S.C. Section 105, and
two exceptions to the "American Rule" on attorneys' fees.[3] This
motion is GRANTED in part and DENIED in part. The Court will
analyze each argument separately.

A.   <u>Rule 8020 Sanctions</u>

Rule 8020 permits a district court to "award just damages
and single or double costs to the appellee" if the court

_____

[3] The Trustee moves for sanctions with respect to the
Debtor's appeal of the August Order and the various requests for
stays of the sale of the Property made in September 2006 and
January 2007. It does not appear that he is requesting sanctions
with respect to the Debtor's challenge of the denial of her
motion to convert. Accordingly, the Court does not analyze
whether such argument should subject the Debtor to sanctions.

"determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous." When reviewing a request for Rule 8020 sanctions, a district court must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure. See In re Davis, No. 03-CV-7926, 2004 WL 1336233, *1 (S.D.N.Y. June 15, 2004) (holding that Bankruptcy Rule 8020 has adopted the standard of review employed by Rule 38 of the Federal Rules of Appellate Procedure).

"Frivolousness is determined . . . not in the abstract but in relation to the arguments actually made by the appellant." Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (internal quotation marks and citations omitted). The arguments must be "groundless, without foundation, and without merit." In re Drexel Burnham Lambert Group, 995 F.2d 1138, 1147 (2d Cir. 1993) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)); see also United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381-82 (2d Cir. 1982) (holding that Rule 38 requires that appellant's argument be "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence"). In addition to being groundless and without merit, several Second Circuit decisions have indicated that a "clear showing of bad faith" would support Rule 38 sanctions. In re 60 East 80th St. Equities, Inc., 218 F.3d 109, 119 (2000)

(quoting In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981)). Whether bad faith is a requirement, however, is unclear. See 60 East 80th St. Equities, 218 F.3d at 119 (noting that whether bad faith is a requirement for Rule 38 sanctions is unsettled in the Second Circuit). A party's failure to prevail, however, is insufficient to support Rule 38 sanctions. See Christiansburg, 434 U.S. at 421.

Appellant attacks the August Order in the instant appeal, but does not establish any basis that may overcome the mootness of the issue. Although Appellant's main argument is that the Property was stolen from her and that the Trustee and Bankruptcy Court engaged in improprieties, she offers absolutely no evidence to support these allegations. Simply put, Appellant's attack of the August Order only makes unsupported accusations against the Trustee and the Bankruptcy Court, lists random facts, and fails to establish why the issue of mootness should be set aside, and for what reasons, based in law, the August Order should be vacated.

As a result, this Court finds that Appellant's appeal of the August Order authorizing the sale of the Property is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." Potamkin Cadillac, 689 F.2d at 381-82. Moreover, Appellee's request for Rule 8020 sanctions was filed as a separate motion, as required by the rule. Thus, Appellee's motion for Rule 8020 costs

15

against Appellant for appealing the August Order GRANTED; however, in light of Appellant's <u>pro</u> <u>se</u> status and the fact that this Court has never "expressly warned plaintiff against filing frivolous appeals[,]" the Court declines to award double costs or any additional sanctions. <u>Iwachiw</u>, 396 F.3d at 529. Appellee is directed to submit to this Court a bill of costs, including administrative fees incurred by the bankruptcy estate, associated with defending this Appeal and bringing the motion for sanctions no later than 30 days from the date of this Order. Furthermore, Appellant is hereby warned that if she continues to file frivolous appeals, monetary and/or other sanctions may be imposed.

B. <u>Rule 9011 Sanctions</u>

Appellee next requests that this Court impose sanctions pursuant to Federal Rules of Bankruptcy Procedure Section 9011. Rule 9011(b) holds, in part, that a party who presents a pleading, written motion, or other paper is "certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the document is not being presented for an improper purpose, that the legal contentions made are warranted by existing law, and that the contentions have evidentiary support. If a court finds that a party is responsible for violating Rule 9011(b), the court <u>may</u> impose sanctions. <u>Id.</u> § 9011(c). Rule 9011 "parallels Federal Rule of Civil Procedure 11, containing 'only such modifications as

are appropriate in bankruptcy matters.'" <u>Matter of Cohoes Indus.</u>
<u>Terminal, Inc.</u>, 931 F.2d 222, 227 (2d Cir. 1991) (<u>quoting</u> <u>Cinema</u>
<u>Serv. Corp. v. Edbee Corp.</u>, 774 F.2d 584, 585 (3d Cir. 1985)).
Thus, "application of Rule 9011 is informed by Rule 11
jurisprudence." <u>Cohoes</u>, 931 F.2d at 227.

Rule 11 sanctions are at the discretion of a court and
"should be reserved for those cases where it is patently clear that
a claim has absolutely no chance of success." <u>Allstate Ins. Co. v.</u>
<u>Valley Physical Medicine & Rehabilitation, P.C.</u>, 475 F. Supp 2d
213, 234 (E.D.N.Y. 2007) (<u>citing</u> <u>K.M.B. Warehouse Distrib., Inc. v.</u>
<u>Walker Mfg. Co.</u>, 61 F.3d 123, 131 (2d Cir. 1995)). Moreover, Rule
11 sanctions "must be imposed carefully, lest they chill the
creativity essential to the evolution of the law." <u>Jackson v.</u>
<u>Levy</u>, No. 98-CV-8890, 2000 WL 124822, at *5 (S.D.N.Y. Feb. 2,
2000).

The Trustee argues that Rule 9011 sanctions are warranted
against the Debtor because she appealed the August Order
authorizing the sale of the Property without making a viable bid to
purchase the Property and reneged on two prior offers to purchase
the Property. The Trustee offers these facts to establish that the
Debtor has engaged in a pattern of behavior designed to delay and
prevent the Trustee from administering the bankruptcy estate,
paying creditors, and closing out the case.

The only relevant question to this Court, however, is

whether it is "patently clear" that Appellant's appeal of the August Order had "absolutely no chance of success." <u>Allstate</u>, 475 F. Supp 2d at 234. The well-established case law makes patently clear that, absent bad faith on the part of the third-party purchaser, appeal of an unstayed sale order is moot. Appellant does, however, make a futile attempt to allege bad faith conduct by Mitch Giannini. Moreover, Appellee did not even raise the issue of mootness nor does he provide concrete factual support that Appellant filed this appeal in bad faith. Therefore, the Court does not find that it was "patently clear" that the Appeal had "absolutely no chance of success." <u>Allstate</u>, 475 F. Supp 2d at 234. Appellee's motion for Section 9011 sanctions against Appellant based on appeal of the August Order is DENIED.

Appellee next argues that Section 9011 sanctions should be imposed against Appellant for making two motions with this Court requesting stays of the Property's sale. Appellee contends that these motions were made without any legal basis. (Appellee's Mot. for Sanctions ¶ 14.)

On January 16, 2007, the Debtor motioned this Court to issue a temporary restraining order to stay the sale of the Property until this Court adjudicated the instant appeal. This motion was denied on the same day. On January 22, 2007, the Debtor motioned this Court to issue an injunction against Mitch Giannini, President of Giannini Corp. and third-party purchaser, to prevent

the resale of the Property by Giannini Corp. This motion was denied on February 1, 2007.

In her motions, the Debtor noted that the Property's sale would cause her to suffer irreparable harm. While the Court recognized that the Debtor would suffer irreparable harm when the Property was sold, such a finding alone is insufficient to warrant injunctive relief. <u>See</u> <u>Virgin Enter. Ltd. v. Nawab</u>, 335 F. 3d 141, 145 (2d Cir. 2003) (<u>citing</u> <u>Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.</u>, 596 F.2d 70, 72 (2d Cir. 1979)). The Debtor was also required to demonstrate either a likelihood of success on the merits "or a serious question going to the merits and a balance of hardships tipping decidedly in [her] favor." <u>Virgin Enter.</u>, 335 F. 3d at 145. Although she failed to do so, this failure does not make it "patently clear" that the Debtor's motions had "absolutely no chance of success." <u>Allstate</u>, 475 F. Supp 2d at 234. Appellee fails to present any proof or make any arguments indicating that the attempts to stay the sale of the Property had no chance of success. Based on the lack of evidence and the fact that Appellant is a <u>pro</u> <u>se</u> litigant who sought these stays when faced with the imminent sale of her property, the Court exercises its discretion and declines to impose Rule 9011 sanctions on Appellant. Accordingly, Appellee's motion for Rule 9011 sanctions against Appellant for seeking stays of the Property's sale is DENIED.

C.    <u>The Court's Inherent Power To Sanction</u>

Appellee next asks this Court to sanction Appellant under the Court's inherent powers to curtail abusive litigation practices and protect its docket. To impose sanctions pursuant to the Court's inherent power, the Court "must find that: (1) the challenged claim was without colorable basis; and (2) the claim was brought in bad faith, <u>i.e.</u>, motivated by improper purposes such as harassment or delay." <u>Schlaifer Nance & Co., Inc. v. Estate of Warhol</u>, 194 F.3d 323, 336 (2d Cir. 1999).

A challenged claim is without colorable basis "when it lacks any legal or factual basis." <u>Id.</u> at 337 (<u>quoting</u> <u>Sierra Club v. United States Army Corps of Eng'rs</u>, 776 F.2d 383, 390 (2d Cir. 1985)). On the other hand, "a claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'" <u>Schlaifer</u>, 194 F.3d at 337 (<u>quoting</u> <u>Nemeroff v. Abelson</u>, 620 F.2d 339, 348 (2d Cir. 1980)).

Bad faith is found when the "actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" <u>Schlaifer</u>, 194 F.3d at 338 (<u>quoting</u> <u>New York v. Operation Rescue Nat'l</u>, 80 F.3d 64, 72 (2d Cir. 1996)). The "factual findings of bad faith must be characterized by a high degree of specificity." <u>Schlaifer</u>, 194 F.3d at 338 (internal quotation marks and citation omitted).

Appellee's motion for sanctions pursuant to the Court's

inherent powers does not satisfy both prongs. As discussed earlier, the Appeal of the August Order lacked any legal or factual basis and, therefore, was without a colorable basis. This Court does not find, however, that the Appeal or the requests for injunctions were made in bad faith. Additionally, Appellee fails to plead bad faith with the requisite high degree of specificity required by <u>Schlaifer</u>. Based on the lack of evidence of bad faith and the Court's need to exercise its inherent powers with "restraint and discretion," the Court declines to impose sanctions on the Debtor pursuant to its inherent powers. <u>Schlaifer</u>, 194 F.3d at 334. Accordingly, Appellee's motion for sanctions pursuant to the Court's inherent powers is DENIED.

     D.   <u>Exceptions To The American Rule</u>

Appellee next requests that this Court impose sanctions pursuant to two exceptions to the "American Rule" on attorneys fees. The "American Rule prohibits fee shifting in most cases," except in cases where (1) a party's "litigation efforts directly benefit others;" (2) a party has willfully disobeyed a court order; or (3) a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (internal quotation marks and citation omitted). Appellee invokes the first and third exceptions.

Appellee fails to explain how he fits into the first

exception. He only states that the exception applies, but does not attempt to support such application. Thus, Appellee's claim that the first exception applies is DENIED.

The bad faith exception applies when a "court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" Id. at 46 (quoting Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 90 L. Ed. 1447 (1946)). A showing that Appellant acted to delay or disrupt the litigation or prevent the enforcement of a court order is also sufficient to satisfy the bad faith exception. Chambers, 501 U.S. at 46 (citing Hutto v. Finney, 437 U.S. 678, 689 n.14, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978)).

Appellee's motion to award attorneys' fees pursuant to exception three of the "American Rule" also fails because it is not clear that Appellant acted with the requisite bad faith. Appellee does not show that Appellant acted with intent to delay or disrupt the litigation, attempted to commit a fraud on the court, or that Appellant's actions "defiled" the "very temple of justice." Id. (quoting Universal Oil, 328 U.S. at 580). Thus, Appellee's motion for attorneys' fees pursuant to the third exception to the "American Rule" is DENIED.

E.    11 U.S.C. Section 105(a) Sanctions

Appellee next asks this Court to sanction Appellant in the form of fees, costs, and commissions pursuant to 11 U.S.C. §

22

105(a).  Section 105(a) permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

Although Section 105 does not specifically mention sanctions or awarding attorneys' fees, the Second Circuit has held that Section 105(a) empowers courts to "exercise equity in carrying out the provisions of the bankruptcy code."  In re Smart World Techs., LLC, 423 F. 3d 166, 184 (2d Cir. 2005).  This equitable power does not, however, provide an independent basis for a court to act.  See, e.g., id. (holding that "Section 105(a) does not provide an independent basis upon which to grant appellee's standing"); In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 92 (2d Cir. 2003) (holding that "[b]ecause no provision of the Bankruptcy Code may be successfully invoked in this case, Section 105(a) affords . . . no independent relief").  Rather, the language of Section 105(a) "suggests that an exercise of Section 105(a) power be tied to another Bankruptcy Code or section and not merely to a general bankruptcy concept or objective." Smart World, 423 F.3d at 183.  So while the extent of Section 105(a)'s equitable reach is disputed, it is agreed that it is "plainly limited by the provisions of the [Bankruptcy] Code."  Id.

The Second Circuit has also recognized the ability of bankruptcy courts and district courts to "derive from §105(a) . . . the power to sanction bad-faith serial filers."  In

re Casse, 198 F.3d 327, 337 (2d Cir. 1999). Furthermore, courts in this circuit and others have held that Section 105(a) confers the right to award attorneys' fees and costs when tied to, and in furtherance of, specific provisions of the Bankruptcy Code. See, e.g., Grand St. Realty, LLC v. McCord, No. 04-CV-4738, 2005 U.S. Dist. LEXIS 45314, at *12 (E.D.N.Y. Sept. 30, 2005) (discussing that various circuits have authorized bankruptcy courts to sanction pursuant to Section 105(a)). In imposing sanctions pursuant to Section 105(a), courts have required a showing of bad faith similar to that required in imposing sanctions under the court's inherent power or the third exception to the American Rule. See id. at *13-16.

> Appellee requests Section 105(a) sanctions to
>
> send a clear message to . . . debtors who are considering using the appellate procedure or otherwise coming to this Court to challenge the most basic precepts under the Bankruptcy Code, in order to obtain delays, cause the Estate to incur needless, substantial fees, and otherwise delay and abuse the Estate's fiduciaries, professionals and creditors.

(See Appellee's Mot. for Sanctions ¶ 19.) Appellee fails, however, to identify to which Bankruptcy Code provisions his request for Section 105(a) fees and costs are tied. Assuming, arguendo, that the requested sanctions would reimburse the Trustee for expenses incurred in carrying out the duties conferred to him pursuant to 11 U.S.C. Section 704, the Court must still make a finding of bad faith on the part of the Debtor. While the Court finds that the

24

Trustee was acting in good faith to carry out his statutory duties, and thus any award would be in furtherance of Section 704, this Court does not find that the Debtor was "motivated by improper purposes." Grand St. Realty, 2005 U.S. Dist. LEXIS 45314, at *24. Consequently, Appellee's motion for Section 105(a) sanctions is DENIED.

CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's August Order and denial of the Debtor's motion to convert her Chapter 7 case to one under Chapter 13. The Court GRANTS in parts and DENIES in part Appellee's motion for sanctions, costs, and fees. Appellee is ordered to submit to this Court a bill of costs consistent with this Order no later than 30 days from the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          August 22, 2007